CV09 - 305 ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

FRANK DEMARTINO                                    Civ. No.

                              Plaintiff,           COMPLAINT

        -against-

GUARDIAN ROBERT KRUGER, ESQ.,
NYC BUILDING DEPT., NYC POLICE
DEPARTMENT, PERI FORMWORK,
And MILES & STOCKBRIDGE                            JURY TRIAL DEMANDED

                              Defendant.
--------------------------------------------------------------X

        Plaintiff FRANK DEMARTINO as and for their complaint against ROBERT KRUGER,

ESQ., allege as follows:

## INTRODUCTION

    1.    FRANK DEMARTINO, plaintiff, seeks injunctive relief, compensatory and punitive

damages, disbursements, costs and fees for violations of FRANK DEMARTINO and JOSEPH

DEMARTINO, a/k/a GIUSEPPE DEMARTINO, constitutional rights under 42 U.S.C. § 1983.

    2.    FRANK DEMARTINO, plaintiff, seeks injunctive relief, compensatory and punitive

damages, disbursements, costs and fees for Civil Remedies Under RICO, 18 U.S.C § 1964, for

violations of RICO § 1962 against FRANK DEMARTINO and JOSEPH DEMARTINO.

## JURISDICTION AND VENUE

    3.    This Court has subject matter jurisdiction over this action pursuant to Title 28, United

States Code, Sections 1331 and 1367(a), because the federal claims stated herein arise under Title 42

of the United States Code and the Constitution of the United States  and (b) because the federal

claims stated herein arise under Title 18 of the United States Code.

4.    Pursuant to Title 28, United States Code, Section 1391, venue is proper in this judicial district because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this district and, upon information and belief, one or more of the Defendants resides in this district and all of the Defendants reside in the State of New York.

## PARTIES

5.    At all times relevant herein, Plaintiff FRANK DEMARTINO is a natural person residing at 157-31 83rd Street, Howard Beach, NY 11414, who at all times relevant herein is the son of JOSEPH DEMARTINO, a/k/a GIUSEPPE DEMARTINO, possesses a durable power of attorney from his father and possesses certain interests in the property located at 150-20 Centreville Street, Ozone Park, NY 11417 (Herein referred as the Centreville Property). Plantiff Frank DeMartino also possesses various construction equipment, including PERI Formwork Equipment prior to the time of the events surrounding the complaint, as Landlord and Custodian at the Centreville Property. Specifically, Plaintiff Frank DeMartino collected rents from other contractors to store and maintain the said equipment at this property and used the proceeds to advance various property interests at the site, including the interests and benefit of Joseph DeMartino, an incapacitated person.

6.    At all times relevant herein, JOSEPH DEMARTINO, a/k/a GIUSEPPE DEMARTINO, is a natural person residing at 157-31 83rd Street, Howard Beach, NY who at all times relevant herein is the father of Plantiff FRANK DEMARTINO and an incapacitated person pursuant to an order by Justice Thomas, Supreme Court of the State of New York, County of Queens. JOSEPH DEMARTINO also has ownership interests in the Centreville Property and its contents.

2

## DEFENDANTS

7.     At all times relevant herein, Defendant ROBERT KRUGER, ESQ., is a natural person who at all times relevant herein was the property management guardian for JOSEPH DEMARTINO, a/k/a GIUSEPPE DEMARTINO pursuant to an order by Justice Thomas, Supreme Court of the State of New York, County of Queens, maintaining principal offices at 232 Madison Avenue – Suite 909, NY, NY 10016.

*8.*     Upon information and belief, the New York City Department of Buildings is an agency of the City of New York with principal offices at 280 Broadway, NY, NY

*9.*     Upon information and belief, the New York City Police Department is an agency of the City of New York with principal offices at One Police Plaza, NY, NY

*10.*     Upon information and belief, PERI is a Maryland Corporation with its principal place of business in 7131 Dorsey Run Road, Elkridge, Maryland, and it regularly conducts and is authorized to do business in the State of New York. PERI is in the business of manufacturing and supplying concrete formwork, shoring, and scaffolding systems used in construction projects throughout North America.

*11.*     Upon information and belief, Miles & Stockbridge is a professional corporation consisting of attorneys who represent Defendant PERI with principal offices located at 10 Light Street, Baltimore, Maryland 21202-1487

## FACTS

A.     **Durable Power of Attorney Granted to Frank DeMartino**

12.     Joseph DeMartino is the father of Plantiff Frank DeMartino and four other children.

13.     After his wife Concetta DeMartino passed away, Joseph DeMartino effectuated a plan

3

for the management of his affairs. On November 14th, 2005, Joseph DeMartino, executed a Durable Power of Attorney designating Frank as his agent/attorney-in-fact with full powers to act on his behalf in all matters (SEE EXHIBIT A)

**B.**    **State Law Article 81 Mental Hygiene Proceeding Against Joseph DeMartino By His Daughters**

14.    On or about June 3, 2006, Joesph DeMartino's two daughters, Maria and Adriana, filed a petition alleging that their father is incapacitated and demanding, among other things, that a guardian be appointed to manage his property. Thereafter, Joseph DeMartino filed a cross motion to dismiss the petition.

15.    On or about May 7th, 2007 an Order was entered by Justice Cullen's appointing a property management guardian and a limited personal needs guardian for Joseph DeMartino. Robert Kruger, Esq., was appointed the property management guardian. Adriana DeMartino, Joseph DeMartino's daughter, was appointed the limited personal needs guardian (SEE EXHIBIT B).

16.    Plantiff Frank DeMartino's Power of Attorney was never revoked in any of these Article 81 proceedings. The legal issues regarding the appointment of the guardians for Joseph DeMartino are being litigated in other proceedings, including proceedings in front of the New York State Court of Appeals.

17.    Property Management Guardian Kruger's legal standing to oppose NYS Mental Hygiene Law Article 81 appeals on Joseph DeMartino's behalf is currently being litigated in related lawsuit, Frank DeMartino v. Guardian Robert Kruger, Esq.,  Case No. CV09 0119 in front of the Honorable Weinstein.

**C. Property Management Guardian Duties According to 5/7/07 Order**

4

18.    The aforementioned guardianship order expressly states the guardians " will faithfully discharge the powers granted by this Court" and "obey all directions of the Court in regard to the powers."

19.    The aforementioned order expressly states "ORDERED AND ADJUDGED, that a guardian who is given authority with respect to property management for the incapacitated person shall".........."Afford the incapacitated person the greatest amount of independence and self-determination with respect to property management in light of that person's functional level, understanding and appreciation of his or her functional limitations and personal wishes, preferences and desires with regard to managing the activities of daily living," ....... "Preserve, protect and account for such property and financial resources faithfully," ........... "Use the property and financial resources and income available there from to maintain and support the incapacitated person"

## D.    **PERI Formwork Systems Inc.**

20.    Plantiff Frank DeMartino is involved in a host of litigation with PERI Formwork Systems Inc. in his capacities as President and Principal of TADCO Construction Corp.

21.    In one of the subject lawsuits, PERI Formwork Systems Inc. obtained a judgment against TADCO Construction Corp in the action entitled <u>PERI Formwork Systems, Inc. v. TADCO Construction Corp.</u> N.Y. Sup. Ct., Queens Co., Index No. 19034/2006, for approximately $40,000.00.

22.    Defendant PERI Formwork Systems, Inc., in turn served restraining notices at least two lawsuits where TADCO was plaintiff and was owed monies. Specifically these two lawsuits

where PERI served restraining notices are the following: (1) TADCO Construction Corp. v. Structure Tone Inc., N.Y. Sup. Ct., N.Y Co., Index No. 601902-2006  (2) TADCO Construction Corp. v. DASNY, N.Y. Sup. Ct., N.Y. Co., Index No. 600037-2007.

23.    By serving restraining notices in collection of a money judgment, PERI Formwork Equipment has legally elected its remedies and thereby forfeited any rights and interests in the subject equipment it may have sold.


E.    **Illegal PERI Formwork Equipment Seizure**


24.    On or about November 13th, 2008, without any legal interests in the formwork equipment at the site, PERI Formwork Systems, Inc., with the assistance of Robert Kruger, Esq., illegally seized approximately $200,000.00 worth of formwork equipment from the Centreville Property without notice to and authorization from Joseph DeMartino and or Frank DeMartino, without specific Court Order, and without adequate judicial process. Through its acts of illegally seizing equipment without legal right and interest, PERI collected an unlawful debt.

25.    Mr. Kruger's involvement in this illegal seizure constitutes breaches of his fiduciary duties to Joseph DeMartino, violations of his constitutionally protected property and liberty interests, and aiding and abetting the collection of an unlawful debt. Mr. Kruger's motivations appear to be retaliation for disciplinary complaints initiated by Frank DeMartino against him for other breaches of fiduciary duty. At the very least, Joseph DeMartino through his ownership interests in the contents of the property had claim to the $200,000.00 in formwork. Mr.Kruger's actions forfeited these rights without cause and reason.

6

26.     Under New York law property may be seized to enforce a money judgment only by levy made pursuant to CPLR 5232. Yeh v. Seakan, 119 Misc.2d 681, 464 N.Y.S. 2d 627 (N.Y. Sup Ct. Oneida Co. 1983) ("a levy upon personal property must be made pursuant to CPLR 5232" before property may be seized to satisfy a money judgment). This equipment seizure is illegal and represents a flagrant violation of constitutionally protected property rights and interests.

27.     New York law does not permit "self help" in enforcing money judgments. See Lopez v. City of New York, 152 Misc. 2d 817, 819 (N.Y. Sup. Ct. Bronx Co. 1991) ("New York law contains no authority for self –help in the service of a levy; service must be made by an appropriate official, not the judgment creditor or its attorney, in order for it to be valid.") PERI would not have been able levy this equipment *but for* the illegal seizure. This illegal equipment seizure amounts to nothing less than grand larceny in the collection of unlawful debt.

28.     On November 21st, 2008, Bryan Ha attorney for Frank DeMartino transmitted a letter to PERI Formwork notifying them of the illegal seizure (SEE EXHIBIT C)

29.     Defendant Miles and Stockbridge attorney's for PERI Formwork orchestrated this illegal seizure and collection of an unlawful debt. Plantiff Frank DeMartino observed PERI representatives obtaining instruction via cell phone from their attorneys and then conveying this information to the NYC Police Department on the scene. Upon information and belief, Defendant Miles & Stockbridge spoke to the NYC Police Department in furtherance of this illegal seizure and collection of an unlawful debt.

30.     After the illegal seizure occurred, Defendant Miles and Stockbridge engaged in attempted extortion by demanding exorbitant fees and monies under threat of selling the formwork equipment, in furtherance of their collection of an unlawful debt. In their first attempt of extortion,

PERI demanded $93,000 through written correspondence and then amended the amount to a staggering $350,000 in their second attempt of extortion through written correspondence (SEE EXHIBITS D & E). Their second attempt to extort included approximately $229,000 of alleged fees and costs their client incurred in a federal case that settled in front of the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, in the lawsuit PERI Formwork Systems, Inc. v. TADCO Construction Corp., et al Case No. 06-CV-4750 (ERK)(RER).

31.    The value of the construction equipment illegally seized far exceeds the value of the purported judgment at issue, which further exacerbates the legal issues at hand. See Yeh, 119 Misc. 2d at 683 ("Under CPLR 5232 the Sheriff or enforcement officer may only seize sufficient property would be sufficient reasonably valued to satisfy the judgment."). At the time of the illegal seizure, there was no judicial mechanism that existed for the Sheriff or any other enforcement officer to seize property. These actions therefore represent a wanton disregard of the law and collection of an unlawful debt.

32.    In the Summer of 2008, Defendant NYC Department of Buildings obtained a padlock order against the subject property on default, arising from improper service. Despite applications to vacate, the administrative judge would not vacate in a rehearsed abuse of power and control.  The NYC Department of Buildings aided and abetted in the illegal seizure, the collection of an unlawful debt and violated constitutional rights by granting access to the Centreville Property without specific Court Order, without express authorization from Joseph DeMartino and or Frank DeMartino and without adequate judicial process. The NYC Department of Buildings knew or had a legal obligation to know the legal procedures and judicial processes involved in property seizures, yet they intentionally chose to turn a blind eye in pursuit of certain agency objectives over the rights and

8

interests of other parties.

33.    On or about November 13th, 2008, Defendant NYC Police Department, namely the 106th Precinct, aided and abetted the illegal seizure and collection of an unlawful debt by providing police protection for this seizure without specific Court Order, without written authorization from Joseph DeMartino and or Frank DeMartino, and without adequate judicial process. Specifically, the NYC Police Department locked out both Joseph DeMartino and Frank DeMartino from the Centreville Property while the illegal seizure took place under threats of arrest. The NYC Police Department was formally notified that the entry and seizure was illegal and unauthorized in person by both Frank and Joseph DeMartino on the day of the illegal seizure. The NYC Police Department acted as "enforcers" for the illegal seizure and collection of an unlawful debt.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation Of Due Process Under The Fifth And Fourteenth Amendments And 42 U.S.C. § 1983 (Against Robert Kruger, Esq.)

34.    Plaintiffs repeat and realleges each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

35.    Frank DeMartino and Joseph DeMartino have constitutionally protected property and liberty interests in the Centreville Property and its contents. Whereby, Robert Kruger, a property management guardian and extension of the NYS Supreme Court has infringed upon these constitutionally protected liberties and property interests by assisting in the illegal seizure of equipment from this property without specific Court Order, without express authorization from Joseph DeMartino and or Frank DeMartino, and without adequate judicial process.

36.    As a direct result of Robert Kruger's assistance in the illegal seizure and subsequent

lock out under threat of arrest, Joseph DeMartino and Frank DeMartino have suffered a loss of his civil rights, constitutionally protected property and liberty interests.

37.    The actions of Robert Kruger has deprived Frank DeMartino and Joseph DeMartino of their liberty and property interests without due process of law in violation of the Fifth Amendment and the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

38.    By reason of the foregoing, Defendant Robert Kruger is liable for damages in an amount not less than $1,000,000.00 to be determined at the time of trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against Robert Kruger, Esq.)

39.    Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

40.    The 5/7/07 Guardianship Order expressly states the following duties for the Property Management Guardian Kruger: "Afford the incapacitated person the greatest amount of independence and self-determination with respect to property management in light of that person's functional level, understanding and appreciation of his or her functional limitations and personal wishes,  preferences and desires with regard to managing the activities of daily living," ……. "Preserve, protect and account for such property and financial resources faithfully," ……….. "Use the property and financial resources and income available there from to maintain and support the incapacitated  person"

41.    In assisting in the illegal seizure of equipment worth $200,000 from the Centreville Property, and causing Joseph DeMartino to be locked out from his Centreville Property, Robert Kruger has breached his fiduciary duty to Joseph DeMartino.

42.    By reason of the foregoing, Joseph DeMartino has suffered damages in an amount not less than $1,000,000.00 to be determined at the time of trial.

<u>**AS AND FOR A THIRD CAUSE OF ACTION**</u>
**Engaging in Prohibited Activities Pursuant to**
**RICO Act § 1964**
**(Against Robert Kruger)**

43.    Plaintiffs repeat and realleges each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

44.    RICO Civil Remedies Provision, Section 1964(c), states: Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the suit, including reasonably attorney's fees…….

45.    RICO Civil Remedies Provision, Section 1962 (c), provides: It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through the a pattern of racketeering activity or collection of unlawful debt.

46.    PERI is a Maryland based Corporation who participates in interstate commerce and that engaged in unlawful and prohibited activity in the collection of unlawful debt, specifically by illegally seizing formwork with a value of approximately $200,000, without legal interests, without Court Order, without express authorization, and without adequate judicial process. As a direct result of Robert Kruger's assistance in the prohibited activities, Frank DeMartino and Joseph DeMartino have suffered damages that are recoverable under18 U.S.C  § 1964.

11

47.    By reason of the foregoing, Defendant Robert Kruger is liable for damages in an amount not less than $1,000,000.00 to be determined at the time of trial.

### AS AND FOR A FOURTH CAUSE OF ACTION
**Violation Of Due Process Under The Fifth And
Fourteenth Amendments And 42 U.S.C. § 1983
(Against NYC Department of Buildings)**

48.    Plaintiffs repeat and realleges each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

49.    Joseph DeMartino and Frank DeMartino have constitutionally protected property and liberty interests in the Centreville Property and it contents. Whereby, Defendant NYC Department of Buildings, a government agency infringed upon these constitutionally protected liberties and property interests by assisting in the illegal seizure of equipment from this property without specific Court Order, without express authorization from Joseph DeMartino and or Frank DeMartino, and without adequate judicial process. NYC Department of Buildings had a duty to know the law regarding property seizures and totally disregarded this law in advance of agency directives.

50.    As a direct result of NYC Department of Buildings assistance in the illegal seizure and lock out under threat of arrest, Joseph DeMartino and Frank DeMartino have suffered a loss of their civil rights, constitutionally protected property and liberty interests and dignity.

51.    The actions of the NYC Department of Buildings has deprived Joseph DeMartino and Frank DeMartino of their liberty and property interests without due process of law in violation of the Fifth Amendment and the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

52.    By reason of the foregoing, Defendant NYC Department of Buildings is liable for

12

damages in an amount not less than $1,000,000.00 to be determined at the time of trial.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Engaging in Prohibited Activities Pursuant to
### RICO Act § 1964
### (Against NYC Department of Buildings)

53.    Plaintiffs repeat and realleges each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

54.    RICO Civil Remedies Provision, Section 1964(c), states: Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the suit, including reasonably attorney's fees…….

55.    RICO Civil Remedies Provision, Section 1962 (c), provides: It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through the a pattern of racketeering activity or collection of unlawful debt.

56.    PERI is a Maryland based Corporation who participates in interstate commerce and that engaged in unlawful and prohibited activity in the collection of unlawful debt, specifically by illegally seizing formwork with a value of approximately $200,000, without legal interests, without Court Order, without express authorization, and without adequate judicial process. As a direct result of the NYC Department of Building's assistance in the prohibited activities, Joseph DeMartino and Frank DeMartino have suffered damages that are recoverable under 18 U.S.C § 1964.

57.    By reason of the foregoing, Defendant NYC Department of Buildings is liable for

13

damages in an amount not less than $1,000,000.00 to be determined at the time of trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Violation Of Due Process Under The Fifth And Fourteenth Amendments And 42 U.S.C. § 1983
### (Against NYC Police Department)

58.    Plaintiffs repeat and realleges each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

59.    Joseph DeMartino and Frank DeMartino have constitutionally protected property and liberty interests in the Centreville Property and it contents. Whereby, Defendant NYC Police Department, a government agency infringed upon these constitutionally protected liberties and property interests by assisting in the illegal seizure of equipment from this property without specific Court Order, without express authorization from Joseph DeMartino and or Frank DeMartino, and without adequate judicial process. Specifically, the NYC Police Department locked out and restrained Joseph DeMartino and Frank DeMartino from entry into the property under threat of arrest.

60.    As a direct result of NYC Police Department assistance in the illegal seizure and subsequent lock out under threat of arrest, Joseph DeMartino and Frank DeMartino have suffered a loss of their civil rights, constitutionally protected property and liberty interests and dignity.

61.    The actions of the NYC Police Department has deprived Joseph DeMartino and Frank DeMartino of their liberty and property interests without due process of law in violation of the Fifth Amendment and the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

62.    By reason of the foregoing, Defendant NYC Police Department is liable for damages in an amount not less than $1,000,000.00 to be determined at the time of trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Engaging in Prohibited Activities Pursuant to
### RICO Act § 1964
### (Against NYC Police Department)

63.    Plaintiffs repeat and realleges each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

64.    RICO Civil Remedies Provision, Section 1964(c), states: Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the suit, including reasonably attorney's fees.......

65.    RICO Civil Remedies Provision, Section 1962 (c), provides: It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through the a pattern of racketeering activity or collection of unlawful debt.

66.    PERI is a Maryland based Corporation who participates in interstate commerce and that engaged in unlawful and prohibited activity in the collection of unlawful debt, specifically by illegally seizing formwork with a value of approximately $200,000, without legal interests, without Court Order, without express authorization, and without adequate judicial process. As a direct result of the NYC Police Department's assistance in the prohibited activities, Joseph DeMartino and Frank DeMartino have suffered damages that are recoverable under the U.S.C § 1964.

67.    By reason of the foregoing, Defendant NYC Police Department is liable for damages in an amount not less than $1,000,000.00 to be determined at the time of trial.

## AS AND FOR A EIGTH CAUSE OF ACTION
**Engaging in Prohibited Activities Pursuant to
RICO Act § 1964
(Against PERI)**

68.    Plaintiffs repeat and realleges each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

69.    RICO Civil Remedies Provision, Section 1964(c), states: Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the suit, including reasonably attorney's fees…….

70.    RICO Civil Remedies Provision, Section 1962 (c), provides: It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through the a pattern of racketeering activity or collection of unlawful debt.

71.    PERI is a Maryland based Corporation who participates in interstate commerce and that engaged in unlawful and prohibited activity in the collection of unlawful debt, specifically by illegally seizing formwork with a value of approximately $200,000, without legal interests, without Court Order, without express authorization, and without adequate judicial process. As a direct result of the PERI actions which constitute prohibited activities in the collection of an unlawful debt, Joseph DeMartino and Frank DeMartino have suffered damages that are recoverable under 18 U.S.C § 1964.

16

72.    By reason of the foregoing, PERI is liable for damages in an amount not less than $1,000,000.00 to be determined at the time of trial.

## AS AND FOR A NINTH CAUSE OF ACTION
### Engaging in Prohibited Activities Pursuant to
### RICO Act § 1964
### (Against MILES & STOCKBRIDGE P.C.)

73.    Plaintiffs repeat and realleges each and every allegation contained in the previous paragraphs as if they were set forth at length herein.

74.    RICO Civil Remedies Provision, Section 1964(c), states: Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the suit, including reasonably attorney's fees.......

75.    RICO Civil Remedies Provision, Section 1962 (c), provides: It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through the a pattern of racketeering activity or collection of unlawful debt.

76.    PERI is a Maryland based Corporation who participates in interstate commerce and that engaged in unlawful and prohibited activity in the collection of unlawful debt, specifically by illegally seizing formwork with a value of approximately $200,000, without legal interests, without Court Order, without express authorization, and without adequate judicial process. Defendant Miles and Stockbridge represent the PERI Corporation as attorneys. Whereby, Defendant Miles and Stockbridge orchestrated and participated in the collection of unlawful debt by communicating

17

instructions to PERI during the illegal seizure and then transmitting correspondence attempting to extort exorbitant fees and costs without legal basis. As a direct result of the Defendant Miles and Stockbridge's action, which constitute prohibited activities in the collection of an unlawful debt, Joseph DeMartino and Frank DeMartino have suffered damages that are recoverable under 18 U.S.C § 1964.

77.    By reason of the foregoing, Defendant Miles and Stockbridge is liable for damages in an amount not less than $1,000,000.00 to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment as follows:

A.    Declaratory judgment on the issue of Defendant PERI's legal interests in the illegal seized formwork equipment.

B.    Order directing the return of the illegal seized equipment to the possession of Joseph DeMartino and Frank DeMartino, including all transport and unloading costs.

C.    On the first cause of action, awarding all direct, indirect, consequential, special, compensatory and other damages resulting from the violation of Joseph DeMartino's and Frank DeMartino's constitutional rights, the amount of which is to be determined at the time of trial but which shall be no less than $1,000,000.00, plus interest.

D.    On the second cause of action, awarding all direct, indirect, consequential, special, compensatory and other damages resulting from the breach of fiduciary duties owed to Joseph DeMartino the amount of which is to be determined at the time of trial but which shall be no less than $1,000,000.00, plus interest.

E.    On the third cause of action, awarding all direct, indirect, consequential, special,

compensatory and other damages resulting from Civil RICO violations, the amount of which is to be determined at the time of trial but which shall be no less than $1,000,000.00, plus interest.

F.     On the fourth cause of action, awarding all direct, indirect, consequential, special, compensatory and other damages resulting from the violation of Joseph DeMartino's and Frank DeMartino's constitutional rights, the amount of which is to be determined at the time of trial but which shall be no less than $1,000,000.00, plus interest.

G.     On the fifth cause of action, awarding all direct, indirect, consequential, special, compensatory and other damages resulting from Civil RICO violations, the amount of which is to be determined at the time of trial but which shall be no less than $1,000,000.00, plus interest.

H.     On the sixth cause of action, awarding all direct, indirect, consequential, special, compensatory and other damages resulting from the violation of Joseph DeMartino's and Frank DeMartino's constitutional rights, the amount of which is to be determined at the time of trial but which shall be no less than $1,000,000.00, plus interest.

I.     On the seventh cause of action, awarding all direct, indirect, consequential, special, compensatory and other damages resulting from Civil RICO violations, the amount of which is to be determined at the time of trial but which shall be no less than $1,000,000.00, plus interest.

J.     On the eighth cause of action, awarding all direct, indirect, consequential, special, compensatory and other damages resulting from Civil RICO violations, the amount of which is to be determined at the time of trial but which shall be no less than $1,000,000.00, plus interest.

K.     On the ninth cause of action, awarding all direct, indirect, consequential, special, compensatory and other damages resulting from Civil RICO violations, the amount of which is to be determined at the time of trial but which shall be no less than $1,000,000.00, plus interest.

L.      On all causes of action, awarding punitive damages to the extent allowable under

applicable law.

M.      Granting attorneys' fees, interest, costs, disbursements, and such other and further

relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: New York, New York
       January 26th, 2009

Frank DeMartino

# Exhibit A

## Durable Power of Attorney
## Granted to Frank DeMartino
## By His Father
## Joseph DeMartino
## Dated November 14, 2005

- General Power of Attorney, Statutory Short Form, Durable Form (Rev. 1/1/97)
(amended 9/1/1999 for acknowledgement)

# DURABLE GENERAL POWER OF ATTORNEY
## NEW YORK STATUTORY SHORT FORM

### THE POWERS YOU GRANT BELOW CONTINUE TO BE EFFECTIVE
### SHOULD YOU BECOME DISABLED OR INCOMPETENT

(CAUTION: THIS IS AN IMPORTANT DOCUMENT. IT GIVES THE PERSON WHOM YOU DESIGNATE (YOUR "AGENT") BROAD POWERS TO HANDLE YOUR PROPERTY DURING YOUR LIFETIME, WHICH MAY INCLUDE POWERS TO MORTGAGE, SELL OR OTHERWISE DISPOSE OF ANY REAL OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU. THESE POWERS WILL CONTINUE TO EXIST EVEN AFTER YOU BECOME DISABLED OR INCOMPETENT. THESE POWERS ARE EXPLAINED MORE FULLY IN NEW YORK GENERAL OBLIGATIONS LAW, ARTICLE 5, TITLE 15, SECTIONS 5-1502A THROUGH 5-1503, WHICH EXPRESSLY PERMIT THE USE OF ANY OTHER OR DIFFERENT FORM OF POWER OF ATTORNEY.

THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS. YOU MAY EXECUTE A HEALTH CARE PROXY TO DO THIS.

IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU.)

THIS is intended to constitute a **DURABLE GENERAL POWER OF ATTORNEY** pursuant to Article 5, Title 15 of the New York General Obligations Law:

I, JOSEPH DeMARTINO residing at 157-31 83ST, HOWARD BEACH NY 11414

do hereby appoint: FRANK DeMARTINO, RESIDING AT 157-31 83 ST HOWARD BEACH NY 11414

and

(If 1 person is to be appointed agent, insert the name and address of your agent above)

(If 2 or more persons are to be appointed agents by you insert their names and addresses above)

my attorney(s)-in-fact TO ACT

(If more than one agent is designated, choose one of the following two choices by putting your initials in one of the blank spaces to the left of your choice:)

(X) Each agent may SEPARATELY act. Joseph De Martino

(   ) All agents must act TOGETHER.

(If neither blank space is initialed, the agents will be required to act TOGETHER)

IN MY NAME, PLACE AND STEAD in any way which I myself could do, if I were personally present, with respect to the following matters as each of them is defined in Title 15 of Article 5 of the New York General Obligations Law and to the extent that I am permitted by law to act through an agent:

- General Power of Attorney, Statutory Short Form, Durable Form (Rev. 1/1/97)
(amended 9/1/1999 for acknowledgement)

(DIRECTIONS: Initial in the blank space to the left of your choice any one or more of the following lettered subdivisions as to which you want to give your agent authority. If the blank space to the left of any particular lettered subdivision is NOT initialed, NO AUTHORITY WILL BE GRANTED for matters that are included in that subdivision. Alternatively, the letter corresponding to each power you wish to grant may be written or typed on the blank line in subdivision "(Q)", and you may then put your initials in the blank space to the left of subdivision "(Q)" in order to grant each of the powers so indicated)

( ) (A)   real estate transactions;
( ) (B)   chattel and goods transactions;
( ) (C)   bond, share and commodity transactions;
( ) (D)   banking transactions;
( ) (E)   business operating transactions;
( ) (F)   insurance transactions;
( ) (G)   estate transactions;
( ) (H)   claims and litigation;
( ) (I)    personal relationships and affairs;
( ) (J)   benefits from military service;
( ) (K)   records, reports and statements;
( ) (L)   retirement benefit transactions;
( ) (M)  making gifts to my spouse, children and more remote descendants, and parents, not to exceed in the aggregate $11,000 to each of such persons in any year;
( ) (N)   tax matters;
( ) (O)   all other matters;
( ) (P)   full and unqualified authority to my attorney(s)-in-fact to delegate any or all of the foregoing powers to any person or persons whom my attorney(s)-in-fact shall select;
(X) (Q)   each of the above matters identified by the following letters:

A through P   *Joseph De Martino*

(Special provisions and limitations may be included in the statutory short form durable power of attorney only if they conform to the requirements of Section 5-1503 of the New York General Obligations Law.)

(JD)   By initialing here, I make the attached Rider a part hereof and convey all the powers set forth therein to my attorney-in-fact   *Joseph De Martino*

This durable power of attorney shall not be affected by my subsequent disability or incompetence.

If every agent named above is unable or unwilling to serve, I appoint

_____

to be my agent for all purposes hereunder.

- General Power of Attorney, Statutory Short Form, Durable Form (Rev. 1/1/97)
(amended 9/1/1999 for acknowledgement)

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MYSELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PROVISIONS OF THIS INSTRUMENT.

THIS DURABLE GENERAL POWER OF ATTORNEY MAY BE REVOKED BY ME AT ANY TIME.

IN WITNESS WHEREOF I have hereunto signed my name this *14* day of *NOVEMBER* in the year 2005.

(YOU SIGN HERE:) = = > *Joseph De Martino*

STATE OF      NEW YORK,
COUNTY OF ~~NASSAU~~   ss.:
            *QUEENS*

On the *14th* day of *NOVEMBER* in the year 200*5*, before me, the undersigned, personally appeared, *JOSEPH DeMARTINO*, known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

[NOTE: if the acknowledgment of the principal is taken outside NY State, please enter the name of the State or country in the caption above. In such case, the following lines are added to and made a part of this acknowledgment:

and that such individual made such appearance before the undersigned in the

(insert the city or other political subdivision and the State or country or other place the acknowledgment was taken)]

*Marisa Flynn*
(Notary Public)

MARISA FLYNN
Notary Public State of New York
No. 01FL6062781
Qualified in Queens County
Commission Expires *8/13/09*

- General Power of Attorney, Statutory Short Form, Durable Form (Rev. 1/1/97)
(amended 9/1/1999 for acknowledgement)

## Affidavit of Attorney-in-fact

**STATE OF NEW YORK**
**COUNTY OF**          **ss.:**

      being duly sworn, depose(s) and say(s) that deponent has this day confirmed that the principal is alive and has neither revoked nor modified the foregoing power of attorney, which remains in full force and effect.

Deponent makes this affidavit knowing that

rely on the truth of the statements made herein in accepting the use of the foregoing power of attorney.

Sworn to before me this
day of     in the year

# General Power of Attorney

Statutory Short Form - Durable Power

TITLE NO.

TO

RETURN BY MAIL TO:

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE

JILL\MASTER FORMS\MASTER POA

**DISTRIBUTED BY**

**YOUR TITLE EXPERTS**
**THE JUDICIAL TITLE INSURANCE AGENCY LLC**

## RIDER TO POWER OF ATTORNEY OF Joseph De Martino

Dated: _____

FIRST:   In addition to the powers granted by Letters "A" through "P" of this Power of Attorney, and intending to supplement and broaden said powers I give to my attorney(s)-in-fact the following additional powers and authorize my attorney(s)-in-fact To Act in my name, place and stead in any way which I myself could do if I were personally present, to the extent that I am permitted by law to act through an agent, which respect to the following matters:

(A)    retirement plans, including individual retirement accounts, rollovers, and voluntary contributions;

(B)    buy-sell agreements;

(C)    to make loans and forgive debts;

(D)    to make and complete charitable pledges;

(E)    statutory elections and disclaimers, including but not limited to, Waivers under Sections 5-1.1(f) and 5-1.1-A (e) of the Estates, Powers and Trusts Law.

(F)    to prepare, execute and file all income tax, gift tax, social security or unemployment insurance and information returns required by the laws of the United States, or of any state or subdivision thereof, to confer with revenue agents, to prepare, execute and file claims, to collect any tax refunds from the United States or any State or subdivision, to execute agreements extending the statute of limitations, to represent me or obtain representation for me before the Tax Court if the United States or any other court in connection with any of said tax matters, and to do anything whatsoever requisite or necessary in connection with all income tax, gift tax, social security and unemployment insurance taxes required by the laws of the United States or any State or Subdivision that I could do in my own person;

(G)    Social Security matters (including Medicare), Medical Assistance (Medicaid) and all other government benefits or entitlements (including Veterans benefits and life insurance) and to deal with the agencies that administer such programs;

(H)    to disclaim or renounce any property interest pursuant to Internal Revenue Code, Section 2-1.11 of the Estates, Powers and Trusts Law or any similar or successor law.

(I)    to waive benefits and/or elect out of survivor annuity payments (s) under Section 417 of the Internal Revenue Code and the regulations promulgated thereunder.

(J)    to change or maintain the domicile and/or residency or the principal for any and all purposes and to take any and all actions to effectuate the foregoing.

SECOND:  My attorney-in-fact is also specifically authorized:

(A)    To make gifts on my behalf, whether outright or in trust, including gifts of any real property I may own, to any one or more members of a class consisting of my spouse and my descendants, in any degree, including my attorney-in-fact, whether presently living or born hereafter, in such proportions and amounts, without regard to equality, if said gifts, in the sole and absolute discretion of my said attorney-in-fact, are in my best interests for any reason, including the ultimate reduction or minimization of taxes of any kind or the creation of eligibility on my part for government benefits or entitlements of any kind, or are for the support, maintenance or welfare of any member of the aforesaid class of persons;

(B)    To create trusts on my behalf, even though the term of such trusts may extend beyond my life, and to amend, modify or revoke trusts I have created, to fund such trusts and to exercise any right I have to designate successor trustees under any trust I have or may create, and

(C)    To make transfer and additions to any trusts created by me or by any other person under which trust I may be a beneficiary.

THIRD:  I will not question the sufficiency of any instrument executed by my said attorney-in-fact pursuant to this power notwithstanding that the instrument fails to recite the consideration therefor or recites merely a nominal consideration; any person dealing with the subject matter of such instrument may do so as if full consideration therefor had been expressed therein.

FOURTH:  I hereby designate my said attorney-in-fact to serve as my guardian, to serve without bond, in the event of an appointment pursuant to Article 81 of the mental Hygiene Law of the State of New York or any statute of New York or any other State corresponding thereto.

FIFTH:  If, for any reason, any provision of this Power of Attorney is determined not to be legally valid in any regard or, if any such provision is determined not to conform to the requirements of Article 5 of the New York General obligation Law, I direct that such provision be deemed severable and that all other provisions be deemed binding and effective, and that each provision nonetheless be honored to fullest extent possible by my attorney-in-fact and others as the expression of my Will. If for any reason this Power of Attorney is not determined to be a "Statutory Short Form Power of Attorney" I direct nonetheless, that in exercising the powers to act granted to my said attorney(s)-in-fact in Article FIRST, my attorney(s)-in-fact shall have all of the powers ad authorities set forth in sections A through M of Title 15 of Article 5 of the New York General Obligations Law.

SIXTH:  The authority of my successor agent shall come in effect when my successor agent executes an Affidavit that my initial agent is unable or unwilling to serve or to continue to serve, and such Agent shall incur no liability to me or to my estate because of such reliance.

F:\Jill\Jill's Masters\Rider to Power of Attorney.wpd

*J.D*

# Exhibit B

# Order and Judgment
# By NYS Supreme Court
# Judge Cullen
# Dated May 7, 2007

**5**

**ORDER OF THE HONORABLE CHARLES J. THOMAS, APPEALED FROM, DATED MAY 7, 2007 AND ENTERED MAY 17, 2007 [5-14]**

C-AC

At an I.A.S. Part 20 of the Supreme Court of the State of New York, held in and for the County of Queens, at the Courthouse located at 88-11 Sutphin Boulevard, Jamaica, New York, on the 7ᵗʰ day of *May* 200y.7.

PRESENT: *Charles J. Thomas*

HON. ~~LAWRENCE J. CULLEN~~,

Justice.

-------------------------------------------------X

In the Matter of the Application of

    ADRIANA DeMARTINO
    MARIA DeMARTINO
Aka    MARIA PARRINELLO,
    Co-Petitioners,

For the Appointment of a Guardian of

    JOSEPH DeMARTINO
Aka    GIUSEPPE DeMARTINO,
An Alleged Incapacitated Person.

-------------------------------------------------X

COUNTER ORDER AND JUDGMENT

Index No. 12891/06

        The petition in writing, duly verified the 3rd day of June, 2006, by the Co-Petitioners

therein named, having been duly presented to the Supreme Court of the State of New York County

of Queens, at an IAS part 20 thereof, wherein it was alleged that one, JOSEPH DEMARTINO,

alleged to be incapacitated as defined by section 81.02 subdivision (b) of the Mental Hygiene Law,

requires a guardian pursuant to Article 81 of the Mental Hygiene Law, and the Court by Order to

Show Cause dated June 8ᵗʰ, 2006, having required notice of the presentation of the said petition to be

given to JOSEPH DeMARTINO a/k/a GIUSEPPE DeMARTINO; the presumptive distributees of

the person alleged to be incapacitated as defined by Section 103 subdivision (42) of the Surrogate's

Court, Procedure Act; and KATHLEEN GALLO, ESQ., the Court Evaluator; and proof of due

service upon JOSEPH DEMARTINO a/k/a GIUSEPPE DeMARTINO; the presumptive distributees

of the person alleged to be incapacitated, and KATHLEEN C. GALLO, ESQ., the Court Evaluator having been duly filed, and

The Court having issued a Temporary Restraining Order on June 15, 2006 restraining FRANK DeMARTINO and THOMAS DeMARTINO from implementing any transactions involving any personal or real property of the AIP or any entities in which the AIP may own an interest, and further prohibiting them from pursuing any pending or other legal action on behalf of the AIP until the date of the hearing, July 6, 2006; and

The court having issued an Order Appointing Temporary Guardian dated August 8, 2006, appointing DAVID A. SMITH as Temporary Guardian of the Property of the AIP; and

The Court having thereupon considered the said petition and the proofs and allegations then and there presented and due deliberation having been had, and a hearings having been held on July 6, 2006; August 1, 2006; December 6, 2006; January 24, 2007; and March 8, 2007, and MARC CRAWFORD LEAVITT and PAUL E. KERSON, ESQS. Of Leavitt, Kerson & Duane, having appeared for the Co-Petitioners and on reading and filing the initial and supplemental report and recommendations of KATHLEEN C. GALLO, ESQ., the 25th day of April, 2006, and FRAN PETERSON, ESQ., having appeared for the Petitioner, and on reading and filing the report and supplemental report and recommendations of KATHLEEN C. GALLO, ESQ., the court evaluator appointed herein, dated July 6, 2006 and July 31, 2006, respectively; and

AND upon the testimony presented at the hearings held before this court on July 6, 2006; August 1, 1006; December 6, 2006; January 24, 2007, and March 8, 2007;

AND it appearing to the satisfaction of the Court, by clear and convincing evidence, that JOSEPH DEMARTINO is incapacitated as defined in Section 81.02, subdivision (b) of the

2

7

Mental Hygiene Law, that it is necessary to appoint a limited guardian for the personal needs and a

guardian for the property management of JOSEPH DEMARTINO, and JOSEPH DEMARTINO

having appeared at the hearing and having been represented by FRAN PETERSON, ESQ. and

having objected to the appointment of a Guardian of the Person and Property, and upon all the

aforementioned papers heretofore filed herein, upon the aforementioned testimony, and upon the

findings of the Court on the record made on March 8th, 2007, and after due deliberation

NOW, on motion of FRAN PETERSON, ESQ., Attorney for JOSEPH

DeMARTINO, it is

ORDERED AND ADJUDGED, that the Order Appointing Temporary Guardian

dated August 8, 2006, is hereby amended and ~~DAVID A. SMITH, ESQ. of 500 Old County Road,~~ *Robert Kruger 225 Broadway Rm. 4200*

*New York, NY 10007  212-732-5556*

~~Suite 205, Garden City, NY 11530,~~ be and hereby is appointed as Guardian for the property

management of JOSEPH DeMARTINO upon filing a bond in the sum of $ *39,000* with the

Clerk of this Court, and that DAVID A. SMITH, ESQ. shall file a final report as Temporary

Guardian; and that ADRIANA DeMARTINO, of 157-31 83rd Street, Howard Beach, NY 11414, be

and hereby is appointed Guardian for the personal needs management of JOSEPH DeMARTINO,

and that MARIA DeMARTINO PARRINELLO, of 157-26 83rd Street, Howard Beach, NY 11414,

be and hereby is appointed as Standby Guardian for the personal needs management of JOSEPH

DeMARTINO, conditioned that they will faithfully discharge the powers granted by this Court, obey

all directions of the Court in regard to the powers, and, as to DAVID A. SMITH, ESQ., make and

render a true account of all properties received by him in the application thereof, and as to both

DAVID A. SMITH, ESQ. and ADRIANA DeMARTINO, make a true report of their acts in the

Administration of their powers, whenever so required to do so by the Court; and upon their further

3    (DeMartino)

**8**

filing with the Clerk of this Court a designation, duly executed and acknowledged, of the Clerk of this Court or her successor in office as a person on whom service of any process may be made in like manner and with like effect as if it were served personally upon the Guardians whenever he or she cannot with due diligence, be served within the State of New York, and it is further

ORDERED AND ADJUDGED, that pursuant to Article 81.27 of the Mental Hygiene Law, after the guardian, has filed the bond and designation, the Clerk of this Court shall issue a commission stating the title of this proceeding, the name, address, and telephone number of JOSEPH DEMARTINO, the incapacitated person, the name, address and telephone number of the Guardian, the date when the appointment of the Guardian was ordered by this Court, and it is further

ORDERED AND ADJUDGED, that pursuant to Article 81.27 of the Mental Hygiene law, after the Guardian of the property has filed the above bond and designation, the Clerk of this Court shall issue a commission stating the title of this proceeding, and the name, address, and telephone number of the incapacitated person, the name, address and telephone number of the Guardians, and the specific powers of the Guardians, the date when the appointment of the Guardians was ordered by this Court, and the date on which the appointment of the Guardians terminates, and it is further

ORDERED AND ADJUDGED, that the duration of the guardianship is indefinite, and it is further

ORDERED AND ADJUDGED, that the Guardian of the property shall have the following powers pursuant to Article 81.21 of the Mental Hygiene Law:

a. Manage the property and financial affairs of the AIP by marshalling the income

4

and assets, including interests in entities owning real property, pursuant to the prudent investor rule for fiduciaries;

b. Enter into contracts;

c. Implement Medicaid planning in accordance with all state and federal regulations;

d. Apply for governmental and private benefits, including Medicaid;

e. Retain accountants, investment counsel and similar professionals and pay same; *subject to prior court approval.*

f. Prepare, sign and file tax returns and deal with all Federal, State and local tax authorities on all claims, litigation, settlements and other matters, *settlements subject to prior court approval*

g. Retain legal counsel and to pay from the AIP's funds such legal counsel, subject to prior approval fees;

h. Pay funeral expenses and bills after death of the AIP if incurred prior to death *reasonable* if authority to pay such debts would other wise have existed; and it is further

ORDERED AND ADJUDGED, that the Guardian of the property shall take all necessary steps to procure the original Will of Joseph DeMartino and the original Will of the AIP's late wife, CONCETTA DeMARTINO; and file the Will of JOSEPH DeMARTINO with the Clerk of the Surrogate's Court; and file a petition for Preliminary Letters Testamentary for the Estate of CONCETTA DeMARTINO with the Surrogate's Court, and if necessary, file a copy of the Will of CONCETTA DeMARTINO and if necessary, a petition to compel production of the original Will,

ORDERED AND ADJUDGED, that if the Guardian of the Property retains legal counsel to represent him in Surrogate's Court matters, subject retainer is subject to Court review,

5

10

and the payment of legal fees to such counsel, is subject to court approval; and it is further

ORDERED AND ADJUDGED, that the Guardian of the personal needs management and the Standby Guardian of the personal needs management shall have very limited personal needs powers, which powers shall be limited to making necessary decisions only, and that the Guardian of the personal needs management and the Standby Guardian of the personal needs management shall not take control of the life of JOSEPH DeMARTINO, and that JOSEPH DeMARTINO shall not lose the right to conduct his own personal affairs, and that the Guardian of the personal needs management shall assist JOSEPH DeMARTINO manifest and give effect to his own personal needs decisions to:

    i.   Consent to or refuse generally accepted routine or major medical or dental treatment; and

    j.   Authorize access to or release of confidential records, including any authority to act pursuant to HIPAA; and

    k.   Determine who shall provide personal care or assistance, only if such care should become necessary in the future; and it is further

ORDERED AND ADJUDGED, that the guardian shall file an initial report within ninety days after issuance of the Commission to the Guardian in accordance with the provisions of Section 81.30 of the Mental Hygiene Law, and it is further

ORDERED AND ADJUDGED, that if a safe deposit vault of the incapacitated person is found, the Guardian of the property management is directed to open and take inventory of *and the Surety unless counseled in writing* the said vault in the presence of a representative of the institution where it is located, and an *by the Surety* inventory of the contents of said deposit vault be made and subscribed to by those present, and that

6

11

the Guardian of the property shall not take possession of any and all property in said vault until further Order of this Court, and it is further

ORDERED AND ADJUDGED, that pursuant to Article 81.39 of the Mental Hygiene Law no later than ninety (90) days after issuance of the commission, the Guardians shall complete a training program approved by the Chief Administrator of the Court and obtain proof that the training was complete, and it is further

ORDERED AND ADJUDGED, that pursuant to Article 81.30 of the Mental Hygiene Law the Guardian of the property management shall file an initial report within ninety (90) days after issuance of the commission to the Guardian of the property management, and it is further

ORDERED AND ADJUDGED, that the Guardian of the property management shall file during the month of May, in the Office of the Clerk of the County of Queens, in which the incapacitated person is or was a last resident, or in the County in which Guardian of the property management was appointed, an annual report in accordance with the provisions of Article 81.31 of the Mental Hygiene Law, and shall send a copy of said report to the incapacitated person by mail, and it is further

ORDERED AND ADJUDGED, that if the annual report sets forth any reason for a change in the powers authorized by the Court, that the Guardian shall make application for such relief on notice, and it is further

ORDERED AND ADJUDGED, that the Guardian of the personal needs management shall visit the incapacitated person not less than four times a year, and it is further

ORDERED AND ADJUDGED, that a guardian who is given authority with respect to property management for the incapacitated person shall:

7

12

Afford the incapacitated person the greatest amount of independence and self-determination with respect to property management in light of that person's functional level, understanding and appreciation of his or her functional limitations and personal wishes, preferences and desires with regard to managing the activities of daily living,

Preserve, protect and account for such property and financial resources faithfully;

Determine whether the incapacitated person has executed a will, determine the location of any will, and the appropriate persons to be notified in the event of the death of the incapacitated person, and in the event of the death of the incapacitated person, notify such persons;

Use the property and financial resources and income available there from to maintain and support the incapacitated person, and to maintain and support those persons dependent upon the incapacitated person;

At the termination of the appointment, deliver such property to the persons legally entitled to it, pursuant to Court Order; and it is further

ORDERED AND ADJUDGED, that the Guardian of the property management file the notice required by Section 81.21(1)(6)(vi) if this Incapacitated Person is possessed of any real property or may become possessed of any real property via inheritance from his late wife, CONCETTA DeMARTINO., and it is further

ORDERED AND ADJUDGED, that a Guardian who is given authority relating to the personal needs of the incapacitated person shall afford the incapacitated person the greatest amount of independence and self-determination with respect to personal needs in light of that person's functional level, understanding and appreciation of that person's functional limitations, and personal wishes, preferences and desires with regard to managing the activities of daily living, and it

**13**

is further

ORDERED AND ADJUDGED, that all persons are hereby directed and commanded to deliver to the said Guardian, upon demand and presentation of a certified copy of said commission, all the property and income of the Incapacitated Person, which may be in their possession or under their control, and it is further

ORDERED AND ADJUDGED, that the guardian shall make application to this Court for approval for payment of bills which may have accrued prior to the appointment of the Guardian, and it is further

ORDERED AND ADJUDGED, that the Guardian shall pay to KATHLEEN C. GALLO, ESQ., the sum of $ 9600 as and for her fee as Court Evaluator plus the sum of $ 200 as and for necessary disbursements, and it is further

ORDERED AND ADJUDGED, that the Guardian shall pay to DAVID A. SMITH, ESQ., the sum of $ N3 AFF as and for his fee as Temporary Guardian plus the sum of the sum of $ as and for necessary disbursements, and it is further

ORDERED AND ADJUDGED, that the Guardian shall pay to FRAN PETERSON, P.C., the sum of $ 5900 as and for her legal fees as attorney for JOSEPH DeMARTINO plus the sum of $ 196 as and for necessary disbursements, and it is further

ORDERED AND ADJUDGED that the Guardian shall pay to MARC CRAWFORD LEAVITT and PAUL E. KERSON, ESQS. the sum of $ 12000 as and for their fees as attorney for the co-petitioners plus the sum of $ 843 as and for necessary disbursements, and it is further

9

14

ORDERED AND ADJUDGED that the compensation of the guardian shall be fixed in subsequent orders of this Court, and it is further

ORDERED AND ADJUDGED, that the persons entitled to notice of all further proceedings are: KATHLEEN C. GALLO, ESQ., Court Evaluator, FRAN PETERSON, Attorney for the AIP, DAVID A. SMITH, ESQ., Guardian of the Property; MARC CRAWFORD I FAVITT, ESQ., and PAUL E. KERSON, ESQ., as counsel for ADRIANA DeMARTINO, Guardian of the personal needs management and MARIA DeMARTINO PARRINELLO, Standby guardian of the person; FRANK DeMARTINO and THOMAS DeMARTINO, the Surety on the Guardian's Bond and the Court examiner assigned herein. Petitioners shall serve a copy of this signed order upon the above within (5) days of filing of this order _14 prior to the return date_

ENTER

LAURENCE V. CULLEN, J.S.C.

The Court Examiner assigned to this matter is
_David Smuren_
of _21337 39 Ave. Ste. 302 Bayside, NY 11361_
Tel. No.: _718-225-6700_
J.S.C.

If funds available Guardian shall, within 30 days
Of qualification, purchase pre paid funeral plan,
And set aside $2500— for final administration
Expenses.

10

# Exhibit C

# Letter by Bryan Ha
# To Miles & Stockbridge, P.C.
# Dated November 21, 2008

# BRYAN HA

ATTORNEY AT LAW
271 MADISON AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10016
TELEPHONE: (212) 537-6971  MOBILE: (646) 245-7443  FACSIMILE: (212) 904-0299
E-MAIL: bhanyc@gmail.com

November 21, 2008

**VIA FACSIMILE: 410-385-3700**
Jessica DuHoffman
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD 21202

Dear Ms. DuHoffman:

I write concerning your client PERI Formwork Systems, Inc.'s ("PERI") purported seizure of certain construction equipment from the properties located at 150-24 Centreville Road and 95-35 150th Road in Queens County, New York, on November 13, 2008, to enforce a money judgment entered in the action entitled PERI Formwork Systems, Inc. v. TADCO Constr. Corp., N.Y. Sup. Ct., Queens Co., Index No. 19034/2006.

The purported seizure is illegal and invalid. Under New York law property may be seized to enforce a money judgment only by levy made pursuant to CPLR 5232. Yeh v. Seakan, 119 Misc.2d 681, 464 N.Y.S.2d 627 (N.Y. Sup. Ct. Oneida Co. 1983) ("a levy upon personal property must be made pursuant to CPLR 5232" before property may be seized to satisfy a money judgment). None of the requirements of CPLR 5232 were complied with in this case. As you know or should know, New York law does not permit "self-help" in enforcing money judgments. See Lopez v. City of New York, 152 Misc.2d 817, 819 (N.Y. Sup. Ct. Bronx Co. 1991) ("New York law contains no authority for self-help in the service of a levy; service must be made by an appropriate official, not the judgment creditor or its attorney, in order for it to be valid.").

The purported seizure is also illegal and invalid because the value of the construction equipment seized far exceeds the value of the judgment at issue. See Yeh, 119 Misc.2d at 683 ("Under CPLR 5232 the Sheriff or enforcement officer may only seize sufficient property would would be sufficient reasonably valued to satisfy the judgment.") Moreover, the equipment seized is not owned by TADCO Construction Corp. ("TADCO"). Nor is it owned by TADCO's principal's Frank DeMartino. Accordingly, PERI has no basis whatsoever for seizing the equipment and using it to satisfy a judgment against TADCO and/or Mr. DeMartino.

All of TADCO's and Frank DeMartino's rights, privileges, remedies and claims, legal or equitable, are hereby expressly reserved. Nothing herein should be construed as an admission by TADCO and/or Mr. DeMartino as to any matter or a waiver or modification by TADCO and/or Mr. DeMartino of any of their rights, privileges, remedies and claims.

Ms. Jessica DuHoffman
Page 2 of 2
November 21, 2008

Very truly yours,

Bryan Ha

# Exhibit D

# 1st Letter From
# Miles & Stocbridge, P.C.
# To Bryan Ha, Esq.

# MILES & STOCKBRIDGE P.C.

**Writer's Direct Dial:  (410) 385-3872**
**jduhoffmann@milesstockbridge.com**

Bryan Ha, Esquire
271 Madison Avenue
20th Floor
New York, New York 10016

Re:    **PAYOFF**

Dear Bryan:

As I indicated in my prior correspondence, PERI has seized the forms in which it has a security interest and is holding the same at its location in Elkridge, Maryland for valuation and credit towards the amounts owed my client.  Naturally, my client is also entitled to any deficiency between the value of the materials seized and the amounts owed PERI.  Your client has asked for a settlement offer to have the equipment released.  As you are aware, the amounts that are due PERI are broken down as follows:

PERI v. Tadco (Promissory Note Action): $34,314.34   Judgment-principal
                                         $5,147.51    Attorneys' fees
                                         $6,125.81    post-judgment interest

                                         $14,688.00   contempt judgment
                                         $1,177.05    post-judgment interest from 1/18/08)

PERI v. Tadco (Queen Hospital; settlement sum still unpaid):    $8750
PERI v. Tadco (Elmhurst; attorneys' fees for discovery failures): $12,147.81

Expenses     $11,036.25 for seizure

You client owes PERI $93,386.77, and upon payment of the same, PERI will release the forms.  Since your client acknowledged that it does not own the forms, I am not clear on whether we could release the forms to Mr. DeMartino without the authorization from the alleged "new" owner.  Notably, your client acknowledges that it wrongfully attempted to transfer and/or conceal the materials.

If your client wishes to make payment, it may do so by sending a certified check or money order for the full amount to my office made payable to PERI Formwork Systems, Inc.  Otherwise,

Client Documents: Miles Baltimore .001.3842.001.31432001 • 410.727.6464 • Fax: 410.385.3700 • www.milesstockbridge.com
10 Light Street, Baltimore, MD 21202-1487

Cambridge, MD • Columbia, MD • Easton, MD • Frederick, MD • McLean, VA • Rockville, MD • Towson, MD

Bryan Ha, Esquire
Page 2

M I L E S & S T O C K B R I D G E P.C.

PERI will sell the forms via private sale, and will notify you of time and place of the sale; you
will be further notified of the proceeds of the sale, the application of the same and any deficiency
balance.

Please advise me of your client's intention relative to paying the forgoing balance.

As to the Queens matter, I still am waiting for the settlement agreement and the settlement
proceeds being held in your escrow.  We are in the process of putting the matter back on the
docket to enforce the settlement.  We will seek fees attendant with the same

Very truly yours,

Jessica A. duHoffmann

JAD/ajs

# Exhibit E

# 2nd Letter From
# Miles & Stocbridge, P.C.
# To Bryan Ha, Esq.

# MILES & STOCKBRIDGE P.C.

Jessica A. duHoffmann, Esq.
Direct Dial: 410-385-3782
Email: jduhoffm@milesstockbridge.com

**VIA PDF/EMAIL and FIRST CLASS MAIL**

Bryan Ha, Esquire
271 Madison Avenue
20th Floor
New York, NY 10016

**RE:  AMENDED PAYOFF AMOUNT**

Dear Bryan:

Please accept this correspondence on behalf of your client, Tadco Construction Company ("Tadco"). It is my understanding that you still represent that company. I noted in prior correspondence the debt amount or payoff owed to PERI, and unfortunately, that amount was inaccurate in that it failed to include the fees and interest. I have amended the amounts due as follows:

**PERI v. Tadco (Queen Hospital;** unpaid and defaulted settlement sum $8750):  principal sum due under
contract (reinstated): $19,918.69
contractual interest: $15,052.55 (as of Jan. 1, 2009; per diem rate: $14.75)
contractual attorney fees: $25,297
costs and fees: $4,082.45

**PERI v. Tadco (Elmhurst):**        principal paid by surety on 12/3/2008:  $0 balance
contractual interest as date of payment on 12/3/2008:  $96,995.37
attorneys' fees: $102,825.00 (which includes attorneys' fees for discovery
failures of $12,147.81)
costs and fees: $17,926.22

**PERI v. Tadco (Contract action for breach of note):** $34,314.34  (12/15/06 Judgment-principal)
$5,147.51  (12/15/06 Judgment-attorneys' fees)
$6,125.81  (post-judgment interest (9% of principal amount
from date of judgment 12/15/06)
$14,688.00  (contempt judgment entered on 1/18/08)
$1,177.05  (post-judgment interest (9% of contempt
judgment amount from 1/18/08)

**Panel Retrieval Expenses**    $11,036.25

Total:        $354,586.24

The security agreement between the parties provides that it covers future credits, which would include amounts owed under the Elmhurst and Queen's contracts, both of which would provide for attorneys' fees, interest and costs. We are in the process of assessing, counting and valuing the equipment repossessed

---

M I L E S & S T O C K B R I D G E P.C.

against these secured debts.  I am confident even based upon preliminary estimates that the equipment value falls well below the amounts owed.  We will reserve any rights to go after Tadco for the difference.

Except as to the amounts stated above, all other terms and statements set forth in the prior payoff letter remain the same.

Best regards,

Jessica A. duHoffmann